**EXHIBIT 3**

## Dennis, Emily (KREF)

**From:** Chris Wiest [chris@cwiestlaw.com]
**Sent:** Wednesday, February 10, 2016 12:36 PM
**To:** Dennis, Emily (KREF)
**Subject:** RE: Discovery to KREF

We are watching that bill…. If it passes (in its current form), I suspect we will move to amend the complaint – it will change the scope and nature of our challenges, but not the provisions of law that are being challenged.

I suspect we will continue to challenge the (new) $2,000 limit, not due to the limit itself or the failure to index it to CPI, under Randell v. Sorrell, but because of the disparity between the limit and the special treatment given to the caucus campaign committees (which are facially unconstitutional and constitute a form of clearly impermissible viewpoint discrimination), which allow these committees (and the R and D parties directly or indirectly) to funnel significantly more funds to candidates. If these committees were open to all political parties, obviously, that would negate the issue (or at least negate standing insofar as my clients are concerned).

You just have to look at the matching funds line of cases to know that this approach is not going to withstand constitutional muster.

We view the raising of the caucus committee to $5,000 to be particularly susceptible to challenge. I have been contacted by the Libertarian Party of Kentucky. They intend to engage me (they are already a client of my firm), and intervene in the present lawsuit, to challenge the caucus campaign committees, as well as the special "building fund" permitted to the Republican and Democratic parties, but not the Libertarians, in HB 147, if HB 147 passes.

We would continue the challenge to KRS 121.150(23), in any event, because they constitute aggregate limits that are facially impermissible under McCutcheon, et al. v. FEC.

I have another client, John Russell, who was the Plaintiff in Russell v. Grimes that will sue the state *again* if HB 147 passes in its current form, since it suffers from the same flaws in electioneering that were struck down the first go around. I am amazed that the KY House just doesn't seem to get the message, even though the Sixth Circuit told them explicitly how to fix the law and how far they could go on electioneering. That isn't your client's problem – it is instead a problem for the board of elections.

**From:** Dennis, Emily (KREF) [mailto:Emily.Dennis@ky.gov]
**Sent:** Wednesday, February 10, 2016 12:03 PM
**To:** Chris Wiest <chris@cwiestlaw.com>
**Subject:** RE: Discovery to KREF

Thanks for the heads up.

As a point of information, HB 147, significantly modifying the campaign finance law, passed the House yesterday. It has been received in the Senate.

A bill very similar to HB 147 easily passed the Senate during the last session.

Have a good day,
Emily

3/3/2016

**Emily Dennis**
General Counsel
KY Registry of Election Finance
140 Walnut Street
Frankfort, KY 40601

Tele: (502) 573-2226
Fax: (502) 573-5622
kref.ky.gov
Emily.Dennis@ky.gov

NOTICE: This message does not represent the formal legal opinion of the Registry. For an advisory opinion, you may submit your question in writing in the form of an advisory opinion request as provided by KRS 121.135 and 32 KAR 2:060. Visit our website at kref.ky.gov/opinions for more information about the advisory opinion process.

The information in this message is the sender's business. As such it is confidential and may be legally privileged. If you are not the intended recipient, any disclosure, copying, distribution or action taken or not taken in reliance on it is prohibited and may be unlawful. If you have received this electronic mail transmission in error, inform the sender that you received it and then delete it. Thank you.

**From:** Chris Wiest [mailto:chris@cwiestlaw.com]
**Sent:** Wednesday, February 10, 2016 11:34 AM
**To:** Dennis, Emily (KREF); James, Matt (KYOAG)
**Cc:** 'Jack S. Gatlin'; 'Thomas B. Bruns'; robertawinterjr@gmail.com; pauljdarpel@msn.com
**Subject:** Discovery to KREF

Counsel:

Please find attached hereto a pdf and word copy of Plaintiffs' First Set of Discovery Directed to the KREF Defendants. A hard copy will follow by ordinary U.S. mail.

Discovery to KLEC will follow in a separate e-mail.


Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
D: 859-486-6850
C: 513-257-1895
F: 859-495-0803

The contents of this email may be privileged and/or confidential and are intended only for their recipients. If you have received this in error, please delete and let the sender know.

3/3/2016