UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT COVINGTON)

| | |
|---|---|
| JOHN SCHICKEL, et. al. | Case No. 2:15-cv-00155-WOB-JGW |
| Plaintiffs, | |
| v. | Judge Bertelsman |
| | Magistrate Judge Wehrman |
| CRAIG DILGER, et. al. | |
| Defendants. | |

## NOTICE OF DEPOSITION PURSUANT TO FRCP 30(B)(6)

Please take notice that Plaintiffs, by and through counsel, and pursuant to FRCP 30(b)(6) shall take the deposition of a designated representative of the Kentucky Legislative Ethics Commission ("KLEC"), starting at 9:00 a.m., May 9, 2016, at the offices of the Kentucky Registry of Election Finance ("KREF"), conference room, 140 Walnut Street, Frankfort KY before an officer authorized to administer oaths and will be recorded by stenotype and possibly by video. The matters for examination, as required by FRCP 30(b)(6) are contained in the attached Exhibit A. Pursuant to FRCP 30(b)(6), the above named organizations must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Pursuant to FRCP 30(B)(6), the persons designated shall testify about information known or reasonably available to the organization.



Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Paul Darpel
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com


/s/ Jack S. Gatlin
Jack S. Gatlin (KBA 88899)
Thomas B. Bruns (KBA 84985)
FREUND, FREEZE & ARNOLD
Chamber Office Park
2400 Chamber Center Drive, Ste 200
Ft. Mitchell, KY 41017
Phone: (859) 292-2088
Fax: (859) 261-7602
jgatlin@ffalaw.com

**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all parties and/or counsel of record, by electronic mail, this 2nd day of May, 2016.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)

*Counsel for Plaintiff*

2

## EXHIBIT A – KLEC LIST OF 30(B)(6) TOPICS

(1) The membership of the Kentucky Legislative Ethics Commission ("KLEC"), how they are appointed, and where they live, how the KLEC operates;

(2) KLEC's enforcement and investigatory functions, including current, past, and future enforcement actions;

(3) KLEC's newsletters, requests or recommendations for changes to legislation, and other public and private communications from KLEC regarding their functions and enforcement;

(4) The testimony, attendance, topics of conversation and other items referenced on Page 19 of your Discovery, in Response to Request for Production No. 11. Included in this topic are the conversations and occurrences at each of the meetings referenced.

(5) The nature, scope, and KLEC's understanding of Operation BOPTROT, including those referenced on Pages 20 and 21 of your Discovery, in Response to Request for Production No. 13;

(6) The nature of any other ethics scandals involving Kentucky Government, including bribery, corruption, and similar functions;

(7) The nature and scope of public reporting of campaign donations on corruption or its appearance;

(8) The nature, scope, and public reporting of registration statements by legislative agents with KLEC, including, without limitation, what is reported, when, and what is available to the public;

(9) The nature, scope, and public reporting of registration statements by legislative agents with KLEC, including, without limitation, statements of expenditures, and what is reported, when, and what is available to the public;

(10) The requirements, prohibitions, and contours of K.R.S. Chapter 6, *et. seq.*, including, without limitation the statutory provisions the legislative ethics and lobbying restrictions and requirements of that Chapter. This topic also involves hypothetical questions about what is, and is not, prohibited under that Chapter.

(11) The 1995 opinion by KLEC regarding donations to campaigns of statewide constitutional office by legislators and non-legislators.

(12) The enforcement process, including processing of complaints from the public, by KLEC under K.R.S. Chapter 6.

(13) The passage of 2014 KY HB 28, the reasons for that passage, any lobbying or meetings held by KLEC or its members in relation to that legislation.

(14) Evidence of any scandals or corruption in Kentucky from 1997 through 2014 that led to, or was a cause, in full or part, for the passage of 2014 KY HB 28.

(15) Each and every "ethics issue regarding legislators and other public officials which regularly arise in Kentucky, in state legislators, or in the U.S. Congress," including the detailed facts, circumstances, dates, and other pertinent information, referenced on Page 8 and 9 of your discovery responses, that was a motivation or could have been a motivation, for 2014 KY HB 28.

(16) Each and every incident by which quid pro quo corruption, or its appearance, occurred or arose, from 1996 through 2014, from the *de minimis* exemption that was previously contained in Kentucky law prior to 2014 KY HB 28.

(17) Lobbyist's or their employer's reporting requirements prior to, and after, the passage of 2014 KY HB 28.

(18) Each and every example of food or other de minimis gifts, including the details of the $259.5 million in lobbying and lobbying related activities, and specifically the over $31 million spent on lobbying and lobbying-related expenditures, identified in Interrogatory No. 14.

(19) Each and every example or corruption or its appearance related to lawful and publicly disclosed campaign contributions and referenced or identified in Interrogatory No. 16.

(20) The articles and links references in Request for Production No. 11.

(21) The prior bills referenced in Request for Production No. 13.

(22) Information related to Plaintiffs, referenced in Request for Production No. 14.

(23) Past enforcement by KLEC, and the files referenced in Request for Production No. 15.

(24) Corruption, quid pro quo, or otherwise, and its appearance, and other purposes and the means and ends of meeting the objectives of prevention of quid pro quo or other corruption or its appearance, by K.R.S. Chapter 6.

(25) Documents produced to Plaintiffs by KLEC, including newsletters, and other items, in discovery, and the contents thereof.

(26) Any other discovery responses, including Interrogatories produced to Plaintiffs by KLEC;

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| | |
|---|---|
| SEN. JOHN SCHICKEL, et. al.<br>*Plaintiff*<br>v.<br>CRAIG C. DILGER, et. al.<br>*Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:15-CV-0155 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Kentucky Legislative Ethics Commission

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Pursuant to FRCP 30(B)(6), provide a deposition on the topics in the attached Exhibit A.

| Place: Office of Kentucky Registry of Election Finance<br>140 Walnut Street<br>Frankfort, KY 40601 | Date and Time:<br>05/09/2016 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and possibly video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/02/2016

CLERK OF COURT

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Sen. John Schickel, Ken Moellman, Jr. and David Watson_____, who issues or requests this subpoena, are:
Christopher Wiest, 25 Town Center Blvd, STE 104, Crestview Hills, KY 41017, 859-486-6850  (chris@cwiestlaw.com)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:15-CV-0155

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A – KLEC LIST OF 30(B)(6) TOPICS

(1) The membership of the Kentucky Legislative Ethics Commission ("KLEC"), how they are appointed, and where they live, how the KLEC operates;

(2) KLEC's enforcement and investigatory functions, including current, past, and future enforcement actions;

(3) KLEC's newsletters, requests or recommendations for changes to legislation, and other public and private communications from KLEC regarding their functions and enforcement;

(4) The testimony, attendance, topics of conversation and other items referenced on Page 19 of your Discovery, in Response to Request for Production No. 11. Included in this topic are the conversations and occurrences at each of the meetings referenced.

(5) The nature, scope, and KLEC's understanding of Operation BOPTROT, including those referenced on Pages 20 and 21 of your Discovery, in Response to Request for Production No. 13;

(6) The nature of any other ethics scandals involving Kentucky Government, including bribery, corruption, and similar functions;

(7) The nature and scope of public reporting of campaign donations on corruption or its appearance;

(8) The nature, scope, and public reporting of registration statements by legislative agents with KLEC, including, without limitation, what is reported, when, and what is available to the public;

(9) The nature, scope, and public reporting of registration statements by legislative agents with KLEC, including, without limitation, statements of expenditures, and what is reported, when, and what is available to the public;

(10) The requirements, prohibitions, and contours of K.R.S. Chapter 6, *et. seq.*, including, without limitation the statutory provisions the legislative ethics and lobbying restrictions and requirements of that Chapter. This topic also involves hypothetical questions about what is, and is not, prohibited under that Chapter.

(11) The 1995 opinion by KLEC regarding donations to campaigns of statewide constitutional office by legislators and non-legislators.

(12) The enforcement process, including processing of complaints from the public, by KLEC under K.R.S. Chapter 6.

(13) The passage of 2014 KY HB 28, the reasons for that passage, any lobbying or meetings held by KLEC or its members in relation to that legislation.

(14) Evidence of any scandals or corruption in Kentucky from 1997 through 2014 that led to, or was a cause, in full or part, for the passage of 2014 KY HB 28.

(15) Each and every "ethics issue regarding legislators and other public officials which regularly arise in Kentucky, in state legislators, or in the U.S. Congress," including the detailed facts, circumstances, dates, and other pertinent information, referenced on Page 8 and 9 of your discovery responses, that was a motivation or could have been a motivation, for 2014 KY HB 28.

(16)    Each and every incident by which quid pro quo corruption, or its appearance, occurred or arose, from 1996 through 2014, from the *de minimis* exemption that was previously contained in Kentucky law prior to 2014 KY HB 28.

(17)    Lobbyist's or their employer's reporting requirements prior to, and after, the passage of 2014 KY HB 28.

(18)    Each and every example of food or other de minimis gifts, including the details of the $259.5 million in lobbying and lobbying related activities, and specifically the over $31 million spent on lobbying and lobbying-related expenditures, identified in Interrogatory No. 14.

(19)    Each and every example or corruption or its appearance related to lawful and publicly disclosed campaign contributions and referenced or identified in Interrogatory No. 16.

(20)    The articles and links references in Request for Production No. 11.

(21)    The prior bills referenced in Request for Production No. 13.

(22)    Information related to Plaintiffs, referenced in Request for Production No. 14.

(23)    Past enforcement by KLEC, and the files referenced in Request for Production No. 15.

(24)    Corruption, quid pro quo, or otherwise, and its appearance, and other purposes and the means and ends of meeting the objectives of prevention of quid pro quo or other corruption or its appearance, by K.R.S. Chapter 6.

(25)    Documents produced to Plaintiffs by KLEC, including newsletters, and other items, in discovery, and the contents thereto.

(26)    Any other discovery responses, including Interrogatories produced to Plaintiffs by KLEC;