# Recommended Changes To The Kentucky Code of Legislative Ethics



## A Report Presented To The Legislative Research Commission By The Kentucky Legislative Ethics Commission

### July 1, 2007



EXHIBIT 34

KREF000010



### Kentucky Legislative Ethics Commission Members
George C. Troutman, Chair
Rebecca P. Tomblinson, Vice Chair

Norma Scott
Paul Gudgel
Trib Ball

Romano Mazzoli
Bob Fulkerson
Ann B. Henn

### Commission Staff

Anthony Wilhoit, Executive Director
Donnita Crittenden, Principal Assistant
Connie Evans, Staff Assistant
John Schaaf, Legal Counsel

**22 Mill Creek Park
Frankfort, Kentucky  40601
Telephone:  (502) 573-2863
Fax:  (502) 573-2929
http://klec.ky.gov**

July 1, 2007

Legislative Research Commission
700 Capitol Avenue
Frankfort, KY 40601

Dear Members of the Legislative Research Commission:

    KRS 6.666(17) provides that by July 1 of each odd-numbered year the Legislative Ethics Commission submit to you a report of recommendations of changes to the Code of Ethics. In compliance with that statute, the Commission submits the enclosed suggestions for changes in or clarification of provisions of the Code.

    These recommendations come through the experience of the Commission in dealing with the interpretation and enforcement of the Code. We believe that their enactment will significantly contribute to the purpose of the Code as set forth in KRS 6.606.

    We appreciate your willingness to consider these recommendations as well as the past support which the Commission has received from the General Assembly and its leadership.

Sincerely,

George C. Troutman
Chairman

## Registration and Reporting by Lobbyists & Employers

1. KRS 6.807 governing the filing of updated registration forms by legislative agents and their employers should be amended to add that a form sent to the Legislative Ethics Commission through the U.S. Postal Service or another recognized mail carrier shall be deemed to have been timely filed if it is received by the mail carrier by the last day for filing with the Commission.

2. Delete the language in KRS 6.821 that requires a legislative agent to list expenditures "whether or not reimbursed" by an employer. This requirement leads to double reporting because frequently, the agent reports the expense and the employer reports the reimbursement. The result is inflated lobbying totals. If the employer reimburses an agent for a lobbying expense, that is actually an employer expense. Therefore, language should be added to clarify that a legislative agent must list all lobbying expenditures, unless reimbursed by an employer.

3. Clarify or delete the language in KRS 6.611(22)(a)2. referring to "a legislative liaison." As presently defined, this term would include people who may not have direct contact with legislators which is inconsistent with the definition of "lobby" contained in KRS 6.611(26) which states that lobbying consists of direct communication with the individual who is being lobbied.

4. Clarify the definition of employer KRS 6.611(12) to ensure that the proper employer of a lobbyist registers with the commission and end confusion about whether a law firm, public relations firm, or other type of consulting firm may itself register as the employer for its employees or associates who are lobbying for third parties who have hired the firm to lobby. The legislative

intent seems to be that the party in whose legislative interest the lobbying is done should register as the employer of the lobbyists who work for the lobbying firm. OLEC 95-17 addresses this very question. The Commission has so held repeatedly.

### Lobbyist spending on food and beverages

Repeal the provision allowing each lobbyist and employer to spend up to $100 annually on food and beverages for each legislator. That provision generally applies to lunches or dinners involving a lobbyist and a legislator, and not to events involving groups of legislators.

### Candidates

Treat candidates in the same manner as legislators by limiting the interaction between lobbyists and candidates who have filed to run for election to the Kentucky General Assembly. Currently, legislative agents and employers are <u>not</u> prohibited from giving "anything of value" to a candidate or from spending more than $100 a calendar year on food and beverages on a candidate, but they are prohibited from giving "anything of value" or spending more than $100 per year on members of the General Assembly.

### Limit Contributions during Regular Sessions

It is suggested that legislative candidates (including incumbent legislators) not accept contributions from employers of lobbyists or from political action committees during a regular session of the General Assembly.

## Attendance at Events

KRS 6.611(2)(b)8.e. prohibits an individual legislator from accepting transportation to and lodging for an <u>in-state</u> event not sponsored by a civic, charitable, governmental or trade association group, even if attendance at the event is approved by the Legislative Research Commission. On the other hand, KRS 6.747 permits an individual legislator to accept transportation to and lodging for an <u>out-of-state</u> event with the approval of the Legislative Research Commission. This conflict has created much confusion, and should be changed to allow legislators to travel in-state, and allow a lobbyist or employer to pay for the travel, if the legislator received prior approval for the travel from the Legislative Research Commission.

Any in-state travel, food, or lodging expenses paid by a lobbyist or employer under this statute shall be reported to the Ethics Commission on the standard reporting form, and out-of-state travel and lodging could not be paid for by lobbyists or employers. The Commission also recommends that a new definition of 'in-state' be adopted so that areas contiguous to Kentucky, such as Cincinnati, are included in the definition. This is proposed because under the current law, events held in Cincinnati require legislators to get LRC approval to attend.

KREF000015

### Use of Official Legislative Stationery

Pursuant to the Commission's guidelines for use of official legislative stationery, the Commission recommends an amendment to the Code to prohibit any mass mailing by a legislator at public expense for 60 days prior to an election.

### Current Issues Seminar

Reduce the Current Issues Seminar from the three hours now required by KRS 6.716 to two hours annually, and add one hour of ethics training for legislative staff. Each legislator must participate in the mandatory freshman orientation session, and experience has shown that, thereafter, additional ethics education and updating on ethical issues for legislators can be completely covered in a two-hour session each year.

### Complaint Process

1. A recommended change in KRS 6.686(2)(b) provides that the Commission may confirm the existence of a preliminary inquiry only if the alleged violator has publicly disclosed the existence of the inquiry. If the complainant publicly discloses the existence of the complaint or preliminary inquiry, the Commission could dismiss the complaint without prejudice, meaning the complaint could be re-filed. These changes are suggested to address the problem of complaints being filed during an election campaign, in a situation in which a complainant may be attempting to use the complaint process for political purposes.

2. Also, KRS 6.686(1)(a) should be amended to delete the requirement that a complaint be filed prior to a Commission investigation, but language should be added to clarify that "the Commission shall have no jurisdiction in the absence of a complaint to impose any penalty, except administrative penalties listed in KRS 6.807 and 6.821."

### Ethics Commission Staff

KRS 6.661(5), relating to the staff of the Legislative Ethics Commission as enacted in 1993, makes a member of the staff subject to the provisions of KRS 6.651(8). However, in 1996, KRS 6.651 was amended so that subsection (7) now provides what subsection (8) formerly provided. No change has been made to KRS 6.661(5) to make it conform to the amendment to KRS 6.651. Therefore, KRS 6.661(5) should be amended to refer to subsection (7) of KRS 6.651, thereby restricting the political activity of the staff of the Legislative Ethics Commission as was originally intended by the General Assembly.